UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOROTHY PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-090 (RJL) |
| | ) | |
| SPENCER ABRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

FILED

MAR 6 – 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION
(March __, 2006) [#7]

Plaintiff, Dorothy Pritchett, brought this action against defendant, Spencer Abraham, Secretary of the United States Department of Energy, seeking damages for the Department's breach of its 1994 and 1995 Equal Employment Opportunity settlement agreements with the plaintiff.[1] Currently before the Court is defendant's Renewed Motion to Dismiss claiming lack of jurisdiction. For the following reasons, the Court GRANTS defendant's motion.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of

---

[1] Spencer Abraham was replaced by Samuel Bodman as Secretary of the United States Department of Energy when Mr. Bodman was confirmed as Secretary of the Department of Energy on January 31, 2005, and sworn in on February 1, 2005. Mr. Bodman should have been substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).



issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's ... motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary, and our Circuit Court noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file an opposition to defendant's Renewed Motion to Dismiss, which was filed close to six months ago, the Court will treat defendant's motion as conceded.[2] LCvR 7(b). Therefore, in light of the plaintiff's concession and based on a review of the pleadings, the relevant law cited therein, and the record,[3] the Court finds

---

[2] It should be noted that the plaintiff responded to the defendant's first motion to dismiss by filing a document which, though labeled as a opposition to the motion to dismiss, would be more accurately labeled and treated as a first amended complaint. (*See* Dkt. 6.)

[3] Even had plaintiff responded to defendant's Renewed Motion to Dismiss, this Court would have been compelled to dismiss her complaint on the merits. Plaintiff seeks a remedy over $10,000 for an alleged breech of a settlement agreement between herself and the Department of Energy. One of the most basic principles of our constitutional system is that the federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2; *see also Patsy v. Bd. of Regents*, 457 U.S. 496, 525 (1982). In a suit against the federal government, jurisdiction is dependent upon a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). For contract claims, this waiver of sovereign immunity can be found in the Tucker Act, 28 U.S.C. § 1941. The Tucker Act, however, vests exclusive jurisdiction over contract claims exceeding $10,000 in the Court of Federal Claims and not in this Court. *Id.*; *see also Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005); *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004). Our Circuit has generally treated settlement agreements as contracts, subject to the exclusive jurisdiction of the Court of Federal Claims. *See Hannson*, 411 F.3d at 235; *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003). More specifically, our Circuit recently held in a case substantially identical to the one before this Court that in order for a plaintiff "either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement." *Brown*, 389 F.3d at 1297. In cases where this "contract question arises in a suit against the United States for more than $10,000 in damages,

in favor of the defendants and GRANTS [#7] defendant's Renewed Motion to Dismiss. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

---

jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims." *Id.*

As stated above, plaintiff seeks a remedy over $10,000 for an alleged breech of a settlement agreement between herself and the Department of Energy. Because this is an issue of contract between the plaintiff and the United States, this Court lacks jurisdiction.